IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MINNESOTA LIFE INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**CLAYTON SWANNER, et al.,**<br><br>Defendants. | Case No. 3:20-CV-00399-GCS-NJR |

# ORDER ADOPTING REPORT AND RECOMMENDATION

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Report and Recommendation of Magistrate Judge Gilbert C. Sison (Doc. 46), which makes recommendations as to the Minnesota Life Insurance Company's motion for interpleader discharge, for default judgment as to Clayton Swanner, to dismiss crossclaim, and for award of attorney's fees.

Specifically, reviewing the filings of the parties, Judge Sison recommended as follows:

(1) that default judgment be entered against Clayton A. Swanner on the interpleader claim in Minnesota Life Insurance Company's Amended Complaint pursuant to Federal Rule of Civil Procedure 55(b)(2);

(2) that Minnesota Life and all its parents, subsidiaries, and affiliates, and the State of Indiana as Policyholder, be discharged from any further liability with respect to the $175,500 life insurance proceeds (the "Proceeds") payable by reason of the death of Cathy S. Brandenstein (the "Insured") under Group Term Life Insurance Policy No. 34297-G

(the "Group Policy") issued by Minnesota Life to the State of Indiana as Policyholder, and from any further liability to Clayton Swanner, G.R.S., Patrick Brown, Delbert Brown, the Estate, and anyone claiming by or through them, under the Group Policy or with respect to the Proceeds, including any interest or claims related thereto, or with respect to the Insured's coverage under the Group Policy;

(3) Clayton Swanner, G.R.S., Patrick Brown, Delbert Brown, the Estate, and anyone claiming by or through them, be enjoined and restrained from instituting any action or proceeding in any state or federal court against Minnesota Life, all its parents, subsidiaries, and affiliates, or the State of Indiana as Policyholder for recovery of the Proceeds, including any interest or claims related thereto, and any other claims related to the Insured or the Insured's coverage under the Group Policy; and

(4) Minnesota Life be dismissed from this litigation with prejudice, including dismissal of Minnesota Life with prejudice from the Crossclaim filed by Patrick Brown and Delbert Brown individually and as the Administrator of the Estate, and that the motion to dismiss be denied in part as to the request for attorneys' fees and costs.

No objections have been filed by any party as to Judge Sison's Report and Recommendations. Where no party objects to a Report and Recommendation, this Court need only review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Finding no clear error, the Court **ADOPTS** Judge Sison's Report and

Recommendation (Doc. 46). The Court **ORDERS** the Clerk of Court to enter default judgment against Clayton A. Swanner, as discussed *supra*. Minnesota Life and all its parents, subsidiaries, and affiliates, and the State of Indiana as Policyholder, are discharged from any further liability with respect to the Proceeds and Group Policy. The Court **DISMISSES** Minnesota Life from this litigation with prejudice, though Minnesota Life's request for attorney's fees is **DENIED**.

 **IT IS SO ORDERED.**

 DATED: November 12, 2020

                */s/ Nancy J. Rosenstengel*
                _____
                **NANCY J. ROSENSTENGEL**
                **Chief U.S. District Judge**