IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>CLAYTON A. SWANNER,<br>G.R.S. (a minor), DELBERT M. BROWN, individually, and as Administrator of the Estate of Cathy S. Brandenstein, and PATRICK L. BROWN,<br><br>  Defendants. | Case No. 3:20-cv-00399-GCS-NJR |
| DELBERT M. BROWN, individually, and as Administrator of the Estate of Cathy S. Brandenstein, and PATRICK L. BROWN,<br><br>  Cross-Plaintiffs,<br><br>v.<br><br>CLAYTON A. SWANNER, G.R.S. (a minor), and MINNESOTA LIFE INSURANCE COMPANY,<br><br>  Counter & Cross-Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  This matter is before the Court on the Motion for Default Judgment filed by Cross-Plaintiffs Delbert M. Brown, individually, and as the Administrator of the Estate of Cathy S. Brandenstein, and Patrick L. Brown (Doc. 67).

The Clerk of Court entered default against Cross-Defendant Clayton Swanner pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on May 21, 2021 (Doc. 64). Delbert Brown and Patrick Brown have now filed a motion for default judgment under Rule 55(b)(2) (Doc. 67). A response to the motion has not been filed.

Rule 55(a) requires the clerk to enter default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise. FED. R. CIV. P. 55(a). The clerk's entry of a default "is merely a formal matter and does not constitute entry of a judgment." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 2010). After default has been established, the moving party must then seek entry of a default judgment. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Pursuant to this District Court's Local Rules, a motion for default judgment pursuant to Rule 55(b) shall contain a statement that a copy of the motion was mailed to the last known address of the party from whom default judgment is sought. SDIL-LR 55.1. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy was mailed to that attorney. *Id.*

In this case, the Clerk has properly entered default under Rule 55(a). Further, the Court finds that the requirements of Local Rule 55.1 are satisfied. Accordingly, the Court **GRANTS** the Motion for Default Judgment (Doc. 67) and finds that Clayton Swanner intentionally and unjustifiably caused the death of Cathy S. Brandenstein. The Court further finds that Swanner is thus disqualified as the beneficiary of the policies at issue in this cross-claim due to the action of 755 Ill. Comp. Stat. 5/2-6.

The Court further awards Delbert and Patrick Brown their costs of suit in this cross-claim. The Clerk of Court is **DIRECTED** to enter judgment in favor of Delbert Brown and Patrick Brown and against Clayton Swanner.

**IT IS SO ORDERED.**

DATED:   October 4, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**